```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80415-CIV-HURLEY
                              MAGISTRATE JUDGE P.A. WHITE
```

JACKIE J. LINDSEY,                    :

      Plaintiff,                 :

v.                                    :       <u>PRELIMINARY REPORT</u>
                                                    <u>OF MAGISTRATE JUDGE</u>
WALT MCNEIL, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, ET AL., :

      Defendants.                :
_____

## I.  <u>Introduction</u>

The plaintiff, Jackie J. Lindsey, currently housed at the South Bay Correctional Facility ("SBCF"), has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>                   *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>          the court shall dismiss the case at any time
>          if the court determines that –
>
>                    *   *   *
>
>       (B) the action or appeal –
>
>                    *   *   *
>
>       (i)   is frivolous or malicious;
>
>       (ii) fails to state a claim on which
>       relief may be granted; or
>
>       (iii) seeks monetary relief from a
>       defendant who is immune from such
>       relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).[1]

---

[1] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened

pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as government officials sued in their individual capacities. The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ."  Weissman v. National Association of Securities Dealers, Inc., 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard). In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)) and in a death penalty case (Hill v. McDonough, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter. Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts.")). In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements). In Erickson v. Pardus, supra, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is pro se, as pro se pleadings are to be liberally construed. Interestingly, the Eleventh Circuit has never cited the Erickson case.

The Jones v. Bock, Twombly and Erickson Courts have once again reiterated, as the Supreme Court unanimously held in Leatherman, Swierkiewicz, and Hill, that adopting a different and more onerous pleading standard in particular types of cases should be done through established rulemaking procedures, and not on a case-by-

The plaintiff names the following defendants:

(1)   Florida Department of Corrections Secretary Walt McNeil
(2)   SBCF Assistant Warden W. Norwood
(3)   Pylar Tournay (Florida Department of Corrections)
(4)   SBCF Sergeant W. Lewis
(5)   SBCF Officer S. Cumpton

The plaintiff alleges that he has a serious medical condition that makes it difficult and painful for him t climb up and down stairs.  He states that he arrived at SBCF on September 17, 2007 and was assigned to second floor cell, and was given a bottom bunk pass on September 28, 2007.  The plaintiff claims that he presented the pass to Sergeant Lewis, but Lewis did not honor the pass and move the plaintiff to a first floor cell.  On October 31, 2007, the

---

case basis by the courts.  The District of Columbia Circuit has recently noted that the Supreme Court "has continually pruned back [heightened pleading] requirements, with the admonition that we are not to impose heightened pleading requirements." <u>Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.</u>, ___ F.3d. ___ (D.C. Cir. April 29, 2008).  Some district courts in the Eleventh Circuit continue to apply a "heightened pleading" standard, justifying its use on the flawed premise that the Supreme Court specifically ruled that district courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. §1983 against municipal entities but declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities.  <u>See, e.g.</u> <u>Gene Martin Auto Sales, Inc. v. Davis</u>, 2008 WL 1990003(M.D.Ala. 2008).  The "flaw" in this logic is the fact that the Supreme Court has not indicated that qualified immunity might warrant an exception to the general approach, the explicit disclaimer of a heightened pleading standard in <u>Twombly</u>, and <u>Erickson</u>'s reversal of the Tenth Circuit's use of a heightened pleading standard in case against individual state actors who might be entitled to qualified immunity.

5

plaintiff fell down the stairs and injured his back and legs. The plaintiff states that he filed a grievance which Norwood denied, and his appeal to McNeil was denied by Tournay. The plaintiff further alleges that Cumpton has refused to move him to the first floor, placing him in danger of further injury. The plaintiff seeks to hold McNeil responsible for the actions of his subordinates and failure to train and supervise, and alleges that Lewis and Cumpton have violated his Eighth Amendment rights. He seeks to sue all defendants in their individual and official capacities. The plaintiff seeks monetary damages and other relief.

### Eighth Amendment Claims

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eight Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Whether an inmate's medical need requires attention as a matter of constitutional right depends upon its severity. <u>See Estelle</u>, <u>supra</u>, at 104-06. Generally, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11 Cir. 2003) (quoting <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11 Cir. 1994)).

Section 1983 Eighth Amendment medical claims are not limited to prison medical staff, but may also arise based on acts or omissions of other prison personnel. On a claim that a prison guard impeded access to medical care, the prisoner/plaintiff is required to provide evidence that the guard intentionally interfered with treatment once prescribed, <u>Estelle</u>, <u>supra</u>, 429 U.S. at 105; <u>Washington v. Dugger</u>, 860 F.2d 1060, 1021 (11 Cir. 1988), or

intentionally delayed or denied medical care, without explanation, for a serious medical condition that was known or obvious to the guard, Estelle v. Gamble, supra, 429 U.S. at 104; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Even where a prisoner has sustained a serious injury, however, a defendant corrections officer or medical staff member (e.g. a nurse) may be entitled to summary judgment where the plaintiff offers no evidence that the defendant was aware of his injury, or that the defendant was subjectively aware of a serious risk of harm. Farrow v. West, supra, 320 F.3d at 1248 (Nurse, alleged in the complaint to have ordered her staff not to provide medical care, was entitled to summary judgment where the prisoner plaintiff failed to submit evidence that the nurse was herself subjectively aware of a serious risk of harm to the plaintiff); Brown v. Hughes, supra, 894 F.2d at 1539 (with respect to claim relating to delay in treatment of a serious injury [a broken foot], 2 nurses, a corrections officer, and the Sheriff were entitled to summary judgment where the plaintiff's affidavits and other evidence failed to show that they were aware of his injury on the day that it occurred).

Title 42 U.S.C., Section 1983, requires an affirmative causal connection between an official's acts and an alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11 Cir. 1995); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11 Cir. 1995). Negligence is not enough,[2] and a mere difference of opinion between an inmate and prison medical staff concerning his diagnosis and

---

[2]    It is well settled that a showing of mere negligence, neglect, or even medical malpractice is insufficient to recover on a §1983 claim. A showing of conscious or callous indifference is required. Estelle, supra, 429 U.S. at 104-06; Daniels v. Williams, 474 U.S. 327 (1986); Farrow, supra, 320 F.3d at 1243; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988).

course of treatment does not rise to the level of a constitutional deprivation.[3] Thus, it is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a §1983 claim. Estelle, supra; Adams v. Poag, 61 F.3d 1538 (11 Cir. 1995). In fact, once an inmate has received medical care, courts are hesitant to find that a constitutional violation has occurred. Hamm v. DeKalb County, 774 F.2d 1567, (11 Cir.), cert. denied, 475 U.S. 1096 (1986). To prevail on such a claim, the detainee must establish: 1) an "objectively serious deprivation," i.e. a serious medical need accompanied by a substantial risk of serious harm if unattended; 2) a response by public officials beyond negligence, i.e., one that is so inadequate as to constitute and "unnecessary and wanton infliction of pain;" and 3) an attitude of deliberate indifference, which shows that the defendants were aware of the facts from which a substantial risk of serious harm could be inferred, and that they actually did draw that inference. Taylor v. Adams, 221 F.3d 1254, 1258 (11 Cir. 2002). Cf Brown v.

---

[3] The Courts have long recognized that a difference of opinion between an inmate and prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)(to establish that a prison official acted with deliberate indifference to a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence").

As the Eleventh Circuit has noted, proof that the defendant should have perceived a risk, but did not, is insufficient. Campbell v. Sikes, 169 F.3d 1353, 1364 (11 Cir. 1999)(citing Farmer v. Brennan, 511 U.S. 825, 838 (1994); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11 Cir. 1996)(the official must have a subjectively "'sufficiently culpable state of mind,'" and "[t]here is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not...'") (quoting Farmer, supra, 511 U.S. at 834, 838). Liability may be imposed for deliberate indifference only if the plaintiff proves the defendant actually knew of "an excessive risk to inmate health or safety" and disregarded that risk." Campbell, supra, at 1364 (citing Farmer, at 837).

For the purpose of this analysis, the Court will assume that the plaintiff need for a bottom bunk pass constitutes a serious medical need.  The plaintiff has alleged sufficient facts to state a claim that Lewis and Cumpton may have acted with deliberate indifference by failing to honor his bottom bunk pass, knowing that he has medical conditions that require him to sleep on a bottom bunk on the first floor.  Liberally construed, the Complaint meets the Twombly and any "heightened pleading" standard.

The plaintiff has set forth cognizable constitutional claims against the defendants in their individual capacity.  A §1983 suit against the defendants in their official capacity is tantamount to

a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendants in their individual capacity. Moreover, a determination of whether the defendants might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss. Accordingly, it is recommended that this complaint proceed beyond this initial screening against the defendants in their individual capacity.

### Supervisory Defendant

The plaintiff seeks to hold McNeil responsible for the actions of his subordinates specifically pursuant to the theory of respondeat superior. This he cannot do. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993). Further, the plaintiff has failed to raise any facts to state a separate "Monell" claim against any of the defendants based on an unconstitutional custom or policy.

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).  Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986).  The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'"  Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391).  Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise and failure to train, which is insufficient to state a constitutional claim. The plaintiff does not allege facts that tend to show that there was any gross negligence or deliberate indifference on the part of McNeil that resulted in any deprivation of constitutional rights. It is therefore recommended that the claims against McNeil be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Claims Based on Denial of Grievance and Appeal

The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the

prison's refusal to entertain his grievance. <u>Flick v. Alba</u>, <u>supra</u>, 932 F.2d at 729.

It is therefore recommended that the claims concerning denial of a grievance and appeal be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### III. <u>Conclusion</u>

Based on the foregoing, it is recommended that:

1.  The Complaint proceed as to the claims of deliberate indifference against the defendants Lewis and Cumpton in their individual capacity.

2.  The remaining claims and defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 21st day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

c:   Jackie J. Lindsey, <u>Pro Se</u>
     No. 974147
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493