```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80415-CIV-HURLEY
                              MAGISTRATE JUDGE P.A. WHITE
```

JACKIE J. LINDSEY,                    :

     Plaintiff,                     :

v.                                    :     <u>REPORT OF</u>
                                                        <u>MAGISTRATE JUDGE</u>
WALT MCNEIL, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, ET AL., :

     Defendants.                    :
_____

## I. <u>Introduction</u>

This Cause is before the Court upon a Motion for Summary Judgment by the defendant S. Cumpton. [DE# 21].

The plaintiff Jackie J. Lindsey, currently housed at the Everglades Correctional Institution, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired at the South Bay Correctional Facility ("SBCF"). [DE# 6].[1]  The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 4].

The plaintiff named the following defendants:

---

[1] The docket indicates that the plaintiff filed a complaint on April 18, 2008 [DE# 1] and an amended complaint on May 16, 2006 [DE# 6].  This is a clerical error.  The plaintiff filed one complaint on April 18, 2008.  The Clerk inadvertently omitted four pages from the complaint when it was scanned into the electronic filing system.  A complete copy of the complaint was scanned into the electronic filing system on May 19, 2006 and is docketed as DE# 6.  The complete complaint docketed as DE# 6 is the Operative Complaint.

(1)  Florida Department of Corrections Secretary Walt McNeil
(2)  SBCF Assistant Warden W. Norwood
(3)  Pylar Tournay (Florida Department of Corrections)
(4)  SBCF Sergeant W. Lewis
(5)  SBCF Officer S. Cumpton

The plaintiff alleges that he has a serious medical condition that makes it difficult and painful for him to climb up and down stairs. He states that he arrived at SBCF on September 17, 2007 and was assigned to second floor cell, and was given a bottom bunk pass on September 28, 2007. The plaintiff claims that he presented the pass to Sergeant Lewis in an effort to be moved to the first floor, but Lewis did not honor the pass and move the plaintiff to a bottom tier cell. On October 31, 2007, the plaintiff fell down the stairs and injured his back and legs. The plaintiff states that on November 28, 2007 he filed a grievance to the warden, which Norwood denied. Norwood found that the plaintiff did not receive a lower tier pass until November 30, 2007. The plaintiff's appeal to McNeil was denied by Tournay on February 27, 2008, but the response indicated that the plaintiff was issued a lower tier pass on September 28, 2007.

The plaintiff further alleges that after he received Tournay's response, he requested to be moved to another cell on the first floor, which implies that at some point in time he was placed in a bottom tier cell. On April 3, 2008, Sergeant Brown advised him that he was being transferred to a cell on the second floor. When the plaintiff showed Brown his lower tier pass, Brown allegedly called Cumpton, who told Brown that "it didn't matter" and to move the plaintiff to the new cell on the second floor, where he was housed at the time he file this Complaint. The plaintiff has since been transferred to Everglades Correctional Institution. The

plaintiff alleges that Cumpton's refusal to authorize his move to the first floor placed him in danger of further injury. The plaintiff also seeks to hold McNeil responsible for the actions of his subordinates and failure to train and supervise, and alleges that Lewis and Cumpton violated his Eighth Amendment rights. He seeks to sue all defendants in their individual and official capacities. The plaintiff seeks monetary damages and other relief.

The Undersigned issue an amended Preliminary Report analyzing the Complaint and recommending that (1) the Complaint proceed as to the claims of deliberate indifference against the defendants Lewis and Cumpton in their individual capacity; and (2) the remaining claims and defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. [DE# 10]. The Honorable Daniel T. K. Hurley issued an Order adopting these recommendations. [DE# 13]. Cumpton was personally served [DE# 17] and filed an Answer [DE# 19]. The U.S. Marshal was unable to serve Lewis, who apparently no longer works at SBCF. [DE# 18].[2]

The defendant Cumpton moves for summary judgment, arguing that she did not have the authority to move an inmate from the second floor to the first floor, as she was simply a data entry clerk at the time of the events alleged. Cumpton supports her argument with her affidavit and an affidavit from the SBCF warden which confirms

---

[2] The plaintiff filed a motion seeking an order compelling the SBCF to release Lewis' full name and address. [DE# 23]. This motion was denied, and the plaintiff was advised that it is his responsibility to get the address. [DE# 24]. The plaintiff is advised that he may be able to discover identifying information for Lewis by propounding discovery upon Cumpton. Should Cumpton fail to respond or refuse to respond, the plaintiff may then file a motion to compel Cumpton to provide this information to the Court under seal.

this fact.  Cumpton does not challenge the Court's finding that, assuming she had authority to assign housing to inmates, the plaintiff has alleged sufficient facts under the Twombly or any "heightened pleading" standard to state a claim that she may have acted with deliberate indifference by failing to honor the bottom bunk pass, knowing that he has medical conditions that require him to sleep on a bottom bunk on the first floor.

The plaintiff Lindsey was advised of his right to respond to Cumpton's motion [DE# 22, Order of Instructions].  In response, the plaintiff contends that Cumpton did have the authority to change his cell assignment, and that she violated his constitutional rights by refusing to honor his lower tier pass despite being informed about his medical condition. [DE# 27].  The plaintiff supports his claim by submitting a copy of a grievance he submitted to Cumpton on March 25, 2008, which is stamped as received on March 26, 2008. [Exh. A].  In this grievance, which was filed 10 days prior to his move, the plaintiff informed Cumpton that he was having difficulty with his cellmate and he felt unsafe, and he requested that he be housed with another inmate.  Cumpton responded, stating "You will be moved for security reasons not the roommate."  Cumpton's response was dated April 1, 2008.

## II.  Analysis

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

4

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  (citations omitted)

Thus, in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to <u>Celotex</u> and its progeny, a movant for summary

judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir. 1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

As stated above, Cumpton argues that she could not have violated the plaintiff's constitutional rights because she had no

authority to order his transfer to another cell. The disputed fact in this case is whether Cumpton had the authority to direct Sergeant Brown to move the plaintiff to a second tier cell despite his valid lower tier pass. Cumpton does not address the plaintiff's allegation that she gave an order to Sergeant Brown, she simply refers to the Answer in which she denies the allegation. Cumpton also does not state whether she had a conversation with Brown. The plaintiff's submitted exhibit, a grievance, appears to imply that Cumpton may have had the authority to determine an inmate's cell. Her short statement that "You will be moved" certainly indicates that she may have had the authority to make such a decision. The absence of language in the grievance response suggesting that it was drafted after Cumpton conferred with whomever had the authority to move inmates is sufficient to create a genuine factual dispute as to the extent of her actual or implied authority to determine an inmate's placement. Cumpton does not address the implied allegation that Sergeant Brown was apparently under the impression that she had the authority to determine whether the plaintiff should be placed on the first or second floor.

In short, the Undersigned finds that there is a genuine issue of material fact as to whether Cumpton had the actual or implied authority to cause the plaintiff to be moved to a second tier cell despite a valid lower tier pass. Although Cumpton has submitted affidavits to the effect that she had no such authority, the response to the grievance may contradict the attestations in the affidavits. Resolution of this fact and possible contradiction would require the Court to step outside its assigned role, and invade the province of the jury. As the Supreme Court stated in <u>Anderson v. Liberty Lobby, Inc.</u>, <u>supra</u>, "Credibility determinations, the weighing of evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Consequently, viewing the case in the light most favorable to the plaintiff, as the Court is required to do at this juncture, the defendant Cumpton is not entitled to summary judgment.  See Vaughan, 343 F.3d at 1332.

### III.  Conclusion

Based on the foregoing, it is recommended that the defendant Cumpton's Motion for Summary Judgment [DE# 21] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 17th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jackie J. Lindsey, Pro Se
      No. 974147
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000

      Gregory A. Kummerlen, Esq.
      Wiederhold, Moses & Rubin, P.A.
      Suite 240
      560 Village Boulevard
      West Palm Beach, FL 33409